IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACQUELINE BURGE,

    Plaintiff,

vs.

RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, S. BAKER, JENNIFER HAYES, and JOSE R. RODRIQUEZ, M.D.,

    Defendants.

Case No.: 5:22-cv-00141-BJD-PRL

**CENTURION DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL [ECF NO. 1]**

Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, S. Baker, Jennifer Hayes, and Jose R. Rodriquez, M.D. (the "Centurion Defendants") file this Answer and Affirmative Defenses to the Complaint for Injunctive Relief and Damages (the "Complaint") and state as follows:

## ANSWER

The Centurion Defendants object to and deny the allegations contained in the unnumbered Introduction paragraph.

### Jurisdiction and Venue

1.    Admitted the Complaint is so styled. Denied that the Centurion Defendants violated Jacqueline Burge's constitutional rights.

1

2. The allegation in paragraph 2 is a legal conclusion to which no response is required. To the extent a response is required, denied.

3. The allegations in paragraph 3 are a legal conclusion to which no response is required. To the extent a response is required, admitted this Court has jurisdiction over Plaintiff's Complaint.

4. Admitted for purposes of venue that the claims alleged in this Complaint arose in this District, otherwise denied.

5. Without knowledge, therefore denied.

### PARTIES

6. Upon information and belief, admitted.

7. The allegations in this paragraph do not pertain to the Centurion Defendants and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

8. The allegations in this paragraph do not pertain to the Centurion Defendants and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

9. The allegations in this paragraph do not pertain to the Centurion Defendants and therefore no response is required. Further, the allegation in paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, denied.

10. Centurion of Florida, LLC states that Centene Corporation, a publicly traded company, is the parent corporation of Centurion of Florida, LLC and is

registered as a foreign limited liability company with the State of Florida. Otherwise, denied.

11. Centurion states that it operates pursuant to a contract with the Florida Department of Corrections to provide contractually-specified healthcare services at certain correctional institutions in Florida, including Lowell Correctional Institution. Otherwise, denied.

12. The allegation in paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, denied.

13. The allegation in paragraph 13 is a legal conclusion to which no response is required. To the extent a response is required, denied.

14. Admitted that MHM Health Professionals, LLC is a wholly-owned subsidiary of MHM Services, Inc., which is a wholly-owned subsidiary of Centene Corporation. Otherwise, denied.

15. MHM Health Professionals, LLC provides staff pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Otherwise, denied.

16. The allegation in paragraph 16 is a legal conclusion to which no response is required. To the extent a response is required, denied.

17. Admitted to the extent Dr. Rodriguez worked as a site medical director/chief health officer pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Otherwise, denied.

18. Without knowledge, therefore denied.

19. Admitted the Complaint is so styled.

20. The allegation in paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, denied.

21. Admitted to the extent S. Baker worked as a consult coordinator pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Otherwise, denied.

22. Without knowledge, therefore denied.

23. Admitted the Complaint is so styled.

24. The allegation in paragraph 24 is a legal conclusion to which no response is required. To the extent a response is required, denied.

25. Admitted to the extent Jennifer Hayes worked as a consult coordinator pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Otherwise, denied.

26. Without knowledge, therefore denied.

27. Admitted the Complaint is so styled.

28. The allegation in paragraph 28 is a legal conclusion to which no response is required. To the extent a response is required, denied.

29. The allegation in paragraph 29 is a legal conclusion to which no response is required. To the extent a response is required, denied.

30. Denied.

31. Denied.

## RELEVANT FACTS

32. The Centurion Defendants state the medical records speak for themselves and deny any allegation inconsistent with or contrary to those records. Without knowledge, therefore denied.

33. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

34. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

35. Admitted to the extent that Dr. Rodriguez worked pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Further, it is admitted to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

36. Denied.

37. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

38. Denied.

39. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

40. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

41. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

42. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

43. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

44. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

45. Without knowledge, therefore denied.

46. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

47. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

48. Without knowledge, therefore denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, the Centurion Defendants deny any allegation inconsistent with or contrary to those records.

54. Denied.

55. Denied.

56. Denied.

57. Admitted that Plaintiff is scheduled to be released from prison in or around September 2022, otherwise denied.

58. Denied.

59. Without knowledge, therefore denied.

## CAUSES OF ACTION

### Count I
### Violation of 42 U.S.C. § 1983-Eighth Amendment
### (against Centurion and MHM Health)

Centurion Defendants incorporate the responses in paragraphs 1–59.

7

60. The Eighth Amendment speaks for itself. As such, no response is required. To the extent a response is required, denied.

61. The allegations of paragraph 61 are a legal conclusion to which no response is required. To the extent a response is required, denied.

62. The allegations of paragraph 62 are a legal conclusion to which no response is required. To the extent a response is required, denied.

63. Denied.

64. Denied.

65. Denied.

66. The allegations of paragraph 66 are a legal conclusion to which no response is required. To the extent a response is required, denied.

67. The allegations of paragraph 67 are a legal conclusion to which no response is required. To the extent a response is required, denied.

68. The allegations of paragraph 68 are a legal conclusion to which no response is required. To the extent a response is required, denied.

69. Denied.

70. Admitted only to the extent that 42 U.S.C. §§ 1983 and 1988 speak for themselves. Otherwise, denied.

The Centurion Defendants deny the allegations contained in the unnumbered Wherefore clause.

## Count II
### Violation of 42 U.S.C. § 1983 – Eighth Amendment
### (against Dixon)

Centurion Defendants incorporate the responses in paragraphs 1–70.

71. The allegations in this paragraph are not directed to the Centurion Defendants and therefore no response is required. To the extent a response is required, denied.

72. The allegations in this paragraph are not directed to the Centurion Defendants and therefore no response is required. To the extent a response is required, denied.

73. The allegations in this paragraph are not directed to the Centurion Defendants and therefore no response is required. To the extent a response is required, denied.

74. The allegations in this paragraph are not directed to the Centurion Defendants and therefore no response is required. To the extent a response is required, denied.

75. The allegations in this paragraph are not directed to the Centurion Defendants and therefore no response is required. To the extent a response is required, admitted only to the extent that 42 U.S.C. §§ 1983 and 1988 speak for themselves. Otherwise, denied.

The allegations in the unnumbered Wherefore clause are not directed to the Centurion Defendants and therefore no response is required. To the extent a response

is required, denied.

## Count III
### Violation of 42 U.S.C. § 1983 - Eighth Amendment
### (against Rodriguez, Baker, and Hayes)

Centurion Defendants incorporate the responses in paragraphs 1–70.

76. Denied.

77. Denied.

78. The allegations of paragraph 78 are a legal conclusion to which no response is required. To the extent a response is required, denied.

79. Denied.

80. Denied.

81. The allegations of paragraph 81 are a legal conclusion to which no response is required. To the extent a response is required, denied.

82. Admitted only to the extent that 42 U.S.C. §§ 1983 and 1988 speak for themselves. Otherwise, denied.

The Centurion Defendants deny the allegations contained in the unnumbered Wherefore clause.

### JURY DEMAND

The Centurion Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and

should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the Centurion Defendants that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

## THIRD DEFENSE

Plaintiff fails to establish that the Centurion Defendants were independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that the Centurion Defendants violated her constitutional rights.

## FOURTH DEFENSE

The Centurion Defendants are not liable for the acts or omissions of any other person.

## FIFTH DEFENSE

The Centurion Defendants, to the extent applicable, asserts all affirmative defenses listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SIXTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of her own acts and/or his failure to mitigate his damages.

## SEVENTH DEFENSE

Plaintiff cannot establish that the Centurion Defendants acted with a deliberate indifference to her serious medical need.

## EIGHTH DEFENSE

Any purported injury to Plaintiff was not caused by the Centurion Defendants and, instead, was caused by other factors including, but not limited to, other actors.

## NINTH DEFENSE

The Centurion Defendants are immune under the federal doctrines of qualified immunity and sovereign immunity.

## TENTH DEFENSE

The Centurion Defendants are immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes the Centurion Defendants and places a cap on Plaintiff's damages.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred to the extent she failed to exhaust administrative remedies pursuant to 42 U.S.C § 1997e(a).

## TWELFTH DEFENSE

The Centurion Defendants assert that some or all of Plaintiff's claims are barred

by the applicable statute of limitations.

## RESERVATION OF DEFENSES

The Centurion Defendants reserve the right to affirmatively plead all other defenses and affirmative defenses available to them that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, the Centurion Defendants deny every other allegation in the Complaint that makes a claim against them. The Centurion Defendants deny any claim or allegation that they denied Plaintiff needed medical care or that they acted with deliberate indifference to any serious medical need of Plaintiff. The Centurion Defendants also deny that they denied Plaintiff due process or any other right. The Centurion Defendants further deny that Plaintiff is entitled to any relief whatsoever.

Respectfully Submitted,

*/s/ Jacob B. Hanson*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email:    bwahl@bradley.com
Secondary Email:  tramsay@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
W. Blair Castle (FBN 1031504)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602

Tel: (813) 559-5500
Primary Email: cmayfield@bradley.com
Primary Email: jhanson@bradley.com
Primary Email: bcastle@bradley.com
Secondary Email: sdhayes@bradley.com
Secondary Email: tabennett@bradley.com
***Counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, S. Baker, Jennifer Hayes, and Jose R. Rodriquez, M.D.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*Jacob B. Hanson*
***Counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, S. Baker, Jennifer Hayes, and Jose R. Rodriquez, M.D.***