UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACQUELINE BURGE,

    Plaintiff,

v.                                      Case No: 5:22-cv-00141-BJD-PRL

RICKY DIXON, in his official capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA, LLC,
MHM HEALTH PROFESSIONALS, LLC, S.
BAKER, JENNIFER HAYES, and JOSE R.
RODRIGUEZ, M.D.,

    Defendants.

_____/

## DEFENDANT RICKY DIXON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH SUPPORTING MEMORANDUM OF LAW

Comes Now Defendant Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections (hereinafter referred to as "Mr. Dixon") by and through his undersigned counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and files his Motion to Dismiss Count II of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. As grounds in support of said Motion, Mr. Dixon would state:

**FACTS**

1. Plaintiff Jacqueline Burge (hereinafter referred to as "Plaintiff") filed a multiple count Complaint and specifically, as to Mr. Dixon, alleged a violation of 42 U.S.C. §1983 Eighth Amendment.

2. At all times material, Plaintiff was a Florida state prisoner incarcerated at Lowell Correctional Institute. (See Plaintiff's Complaint, ¶ 6).

3. At all times material, Lowell Correctional Institute was and is a part of the Florida Department of Corrections, which is an agency of the State of Florida. At all times material Mr. Dixon was and is the Secretary of the Florida Department of Corrections and is sued in his official capacity. (See Plaintiff's Complaint, ¶7).

4. Although not explicitly stated by Plaintiff in her Complaint, it is reasonable to infer Mr. Dixon as the Secretary of the Florida Department of Corrections, sued in his official capacity, acted under color of law as he was "responsible for the operation of Florida's prison system, including compliance with the Constitution and federal laws". (See Plaintiff's Complaint, ¶8).

5. Plaintiff failed to state a cause of action as to Mr. Dixon as Plaintiff is barred from bringing a cause of action against Mr. Dixon under §1983 pursuant to the 11th Amendment of the United States Constitution.

## MEMORANDUM OF LAW

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Mr. Dixon is immune from suit pursuant to the Eleventh Amendment of the United States Constitution. The Eleventh Amendment expressly provides: "The judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced on or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The law in this area is well-settled in that, "absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities."[1] *McCurry v. Moore*, 242 F.Supp.2d 1167, 1183 (N.D. Fla. 2002), *citing Edelman v. Jordan*, 415 U.S. 651 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc*. 506 U.S. 139 (1993); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).

Eleventh Amendment immunity "confers immunity from suit, not just from liability." *Riddle v. Secretary, Dept. of Corrections*, Slip Copy, 2008 WL 4790516 (M.D. Fla.). A suit against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *Riddle,* Slip Copy, 2008 WL 4790516, citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In other words, it is no different from a suit against the State itself. *Riddle,* Slip Copy, 2008 WL 4790516, citing *Will,* 491 U.S. at 71.

Unless Congress, expressly and unequivocally, abrogates this immunity, or unless the State waives its immunity and consents to suit in federal court, Plaintiff's claims are absolutely barred. *Fletcher v. State of Florida*, 858 F.Supp. 169 (M.D. Fla. 1994); *Gamble*

---

[1] "State public officials sued in their official capacities are entitled to Eleventh Amendment immunity." *Riddle v. Secretary, Dept. of Corrections*, Slip Copy, 2008 WL 4790516 (M.D. Fla.). Further, the Eleventh Amendment operates as a bar to lawsuits against state officials in their official capacity seeking "injunctive and other equitable relief, as well as, money damages brought in federal courts." *Id*., citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

*v. Florida Dept. of Health & Rehab. Services*, 779 F.2d 1509 (11th Cir. 1986); *Edelman v. Jordan*, 415 U.S. 651 (1974).  Furthermore, "States and their officials no longer need to rely exclusively on eleventh amendment immunity to avoid liability in their official capacities in section 1983 cases" because, as held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), "states and state officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. §1983." *Farrell v. Woodham*, 2002 WL 32107645 (M.D. Fla.), citing to *Carr*, 916 F.2d at 1524.

Applying these rules to the instant matter, the issue is clear - the claim brought against Mr. Dixon in Count II of Plaintiff's Complaint is barred by the Eleventh Amendment. The Florida Department of Corrections is a state agency, and therefore, an arm of the State of Florida.[2]  Plaintiff sued Mr. Dixon only in his official capacity with the State of Florida.  Thus, the remedy Plaintiff seeks is against the State of Florida and therefore, is completely barred by the Eleventh Amendment.  Additionally, Mr. Dixon is not a "person" within the meaning of §1983.  Based on the foregoing, Plaintiff's claim against Mr. Dixon for alleged violation of 42 U.S.C. §1983 is completely barred by the Eleventh Amendment of the United States Constitution.

Finally, no exception to immunity applies in this case.  The Supreme Court of the United States already declared that Congress did not abrogate state immunity to suit under §1983.  *Will,* 491 U.S. at 66-67; *Fletcher,* 858 F.Supp. at 172, citing *Gamble,* 779 F.2d 1509; *Hill v. Department of Corrections, State of Florida*, 513 So.2d 129 (Fla. 1987).

---

[2] "The Department of Corrections is an agency of the State of Florida, *see* Fla. Stat. § 20.315.

Further, the State has not statutorily waived its immunity in the federal courts. A waiver by the State is found only when stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.[3] *Fletcher,* 858 F.Supp. at 172, citing *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147 (1981); *John Doe, et al, v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005).

Florida courts, including the 11th Circuit, have previously addressed whether Florida's general waiver of sovereign immunity statute constitutes a waiver of Eleventh Amendment immunity. These courts have ruled that it does not. *Hill,* 513 So. 2d 129; *Fletcher,* 858 F.Supp. at 172; *Shinholster v. Graham*, 527 F.Supp 1318 (N.D. Fla. 1981); *Gamble,* 779 F.2d 1509. "The State of Florida has not statutorily waived its Eleventh Amendment immunity for itself, nor for any arms of the state, nor for its officers, employees or agents sued in their official capacities…[T]he Florida legislature's intent to limit the waiver of sovereign immunity solely to tort claims and to the exclusion of federal civil rights suits is abundantly clear." *Shinholster,* 527 F.Supp. 1318.

## CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Mr. Dixon, as Mr. Dixon is immune from suit. Wherefore, Defendant Ricky Dixon respectfully requests this Honorable Court to dismiss Count II of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, as to Defendant Dixon.

---

[3] §768.28 is Florida's general waiver of sovereign immunity statute.

**CERTIFICATE OF SERVICE**

I hereby certify that on this **8th** day of **July 2022** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court for the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                            BUCHANAN & BUCHANAN, P.A.
                                            Attorney for Defendant DOC
                                            1900 SE 18th Avenue, Suite 300
                                            Ocala, Florida 34471
                                            Tel:   (352) 629-4099
                                            Fax:  (352) 629-3975
                                            Email: rbuchanan@rbtrial.com

                                            By:   /s/ Robert B. Buchanan
                                                    Robert B. Buchanan
                                                    Florida Bar No. 063400